UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     **08 CR 10.1.33. GAO**

| | |
|---|---|
| v. | ) Criminal No. |
| | ) |
| PATRICK J. GELIN and | ) |
| MICHELINE LAMARRE | ) VIOLATIONS: |
| a/k/a "Micheline Champagne," | ) 18 U.S.C. § 1347 |
| | ) Health Care Fraud |
| Defendants. | ) 18 U.S.C. § 2 |
| | ) Aiding and Abetting |
| | ) 18 U.S.C. § 1956 |
| | ) Money Laundering Conspiracy |
| | ) 18 U.S.C. § 982 |
| | ) Criminal Forfeiture |

## INDICTMENT

The Grand Jury, sitting in the District of Massachusetts,

charges:

**COUNTS ONE THROUGH NINE**   **(Health Care Fraud - 18 U.S.C. § 1347;**
                                        **Aiding and Abetting - 18 U.S.C. § 2)**

### I.   GENERAL ALLEGATIONS

At all times material hereto unless otherwise alleged:

1.   Defendant PATRICK GELIN was an individual who resided at

18 Green Lane, Freetown, Massachusetts. Defendant PATRICK GELIN

was the owner and operator of Premium Care Physical Therapy, Inc.

("PCPT"), a provider of physical therapy services, with a

principal place of business at 793 North Main Street, Brockton,

Massachusetts. Gelin held the title of President.

2.   Defendant MICHELINE LAMARRE (a/k/a "Micheline Champagne")

was an individual who resided at 212 Page Street, Avon, Massachusetts. Defendant MICHELINE LAMARRE was a licensed physical therapist employed by PCPT.

3.     "Insurance Company #1," "Insurance Company #2," "Insurance Company #3," "Insurance Company #4," and "Insurance Company #5," among others (collectively, the "Insurance Companies") were health care benefit programs within the meaning of 18 U.S.C. § 24, in that each Insurance Company was a private plan and contract, affecting commerce, under which medical benefits, items and services were provided to individuals, and included individuals and entities who provided medical benefits, items, and services for which payment was made under the plan and contract.

4.     Beginning in about 2001, PCPT provided physical therapy services to patients with minor injuries, generally sustained in automobile accidents.  These services were typically paid for by private insurance companies, including the Insurance Companies.

5.     When a patient went to PCPT for treatment, a physical therapist conducted an initial evaluation of the new patient.  In this initial evaluation, the physical therapist noted the injured areas of the patient, and prescribed necessary treatments, such as hot packs, stretches, or exercise.

6.     The patient was then referred to a physical therapy

2

assistant, who typically saw the patient one to three times a week for the duration of the treatments and actually performed the treatments on the patient.

7.    The physical therapist and the physical therapy assistant documented their treatment on a form called the Patient Progress Notes.  These Patient Progress Notes were signed and dated by the person performing the treatment.

8.    In addition, the PCPT employee performing the patient treatment listed the various treatments provided to the patient during each visit on "Flow Sheets."  As with the Patient Progress Notes, Flow Sheets were initialed and dated by the employee performing the treatment.

9.    Periodically, the physical therapist re-evaluated the patient and discharged the patient when the treatments were deemed complete.

10.    Information from the Patient Progress Notes and Flow Sheets was used by PCPT staff to prepare Health Insurance Claim Forms ("HICFs"), which were then submitted by PCPT to the patients' Insurance Companies for payment.

## II.    The Scheme to Defraud

11.  Beginning on a date unknown, but no later than in or about 2002, and continuing thereafter through at least in or about

3

August 2006, in the District of Massachusetts,

### PATRICK GELIN and
### MICHELINE LAMARRE
### (a/k/a "Micheline Champagne"),

defendants herein, in connection with the delivery of and payment

for health care benefits, items, and services, devised and

intended to devise a scheme and artifice to defraud the Insurance

Companies and to obtain money under the custody and control of the

Insurance Companies by means of materially false and fraudulent

pretenses, representations and promises, well knowing that the

pretenses, representations and promises were false and fraudulent

when made.

12. The purpose of the scheme and artifice to defraud was to

enrich PATRICK GELIN and MICHELINE LAMARRE and to defraud the

Insurance Companies of money by causing the Insurance Companies to

reimburse PCPT for physical therapy services that were not

rendered. Through this scheme and artifice to defraud, PATRICK

GELIN and MICHELINE LAMARRE collected and attempted to collect

insurance payments in the name of PCPT to which they were not

entitled.

13. It was a part of the scheme and artifice to defraud that,

in or about 2002 or 2003, PATRICK GELIN directed PCPT's physical

therapist, MICHELINE LAMARRE, to falsify patient charts to reflect

4

treatments which were not provided.

14. It was a further part of the scheme and artifice to defraud that on certain occasions defendant MICHELINE LAMARRE added false entries to existing Patient Progress Notes and Flow Sheets contained in legitimate patient charts.

15. It was a further part of the scheme and artifice to defraud that on other occasions defendant MICHELINE LAMARRE created completely falsified charts for patients who had only completed Intake Sheets at PCPT, but who had never received any physical therapy treatments.

16. It was a further part of the scheme and artifice to defraud that defendant MICHELINE LAMARRE signed and initialed the false Patient Progress Notes and Flow Sheet entries, fraudulently representing that treatments had actually been performed when they were not.

17. It was a further part of the scheme and artifice to defraud that defendant MICHELINE LAMARRE caused patients' charts containing the false Patient Progress Notes and Flow Sheet entries to be submitted to PCPT's billing coordinator, who then generated HICFs based on the information therein.

18. It was a further part of the scheme and artifice to defraud that defendants PATRICK GELIN and MICHELINE LAMARRE caused

5

the HICFs containing false and fraudulent information to be transmitted to the Insurance Companies for payment.

19. It was a further part of the scheme and artifice to defraud that defendant PATRICK GELIN received insurance payments by check, and caused the checks to be endorsed and deposited into various bank accounts which defendant PATRICK GELIN controlled.

20. It was a further part of the scheme and artifice to defraud that defendant PATRICK GELIN caused to be paid MICHELINE LAMARRE a percentage of the amount paid by the Insurance Companies for each false and fraudulent chart she fabricated.

21. It was a further part of the scheme and artifice to defraud that defendant PATRICK GELIN caused "referral fees" to be paid to individuals, known and unknown to the Grand Jury, as incentives for bringing patients to PCPT for the purpose of filling out Intake Forms and submitting accident reports, regardless of whether those patients actually received physical therapy treatments.

22. It was a further part of the scheme and artifice to defraud that defendant PATRICK GELIN caused individuals to be paid to submit accident reports and fill out Intake Sheets, so that PCPT could bill Insurance Companies for treatments which were never actually performed.

6

23. On or about the dates set forth below, in the District of Massachusetts,

## PATRICK GELIN and
## MICHELINE LAMARRE
### (a/k/a "Micheline Champagne"),

defendants herein, knowingly and willfully executed, and attempted to execute, a scheme and artifice (1) to defraud the Insurance Companies, and (2) to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property under the custody and control of the Insurance Companies in connection with the delivery of and payment for the health care benefits, items and services as follows:

| Count | Patient | Insurance Company | Claim Number | Date Claim Submitted |
|-------|---------|-------------------|--------------|----------------------|
| 1 | ML-C | Insurance Company #1 | 397082 | 7/7/03 |
| 2 | WC | Insurance Company #2 | 1432408 | 6/2/03 |
| 3 | JSC | Insurance Company #3 | 108-3483384 | 8/26/03 |
| 4 | AP | Insurance Company #4 | 03254133 | 9/8/03 |
| 5 | WAC | Insurance Company #5 | 045381200029445 | 11/17/03 |
| 6 | AP | Insurance Company #2 | 1476758 | 1/5/04 |
| 7 | WC | Insurance Company #2 | 1476881 | 12/04/04 |
| 8 | SV | Insurance Company #2 | 1480849 | 12/4/04 |
| 9 | JJ | Insurance Company #3 | 108-4290470 | 4/2/04 |

All in violation of Title 18, United States Code, Section 1347 and 2.

**COUNT TEN:**     **(Conspiracy to Commit Money Laundering - 18 U.S.C. § 1956(h))**

24.   Paragraphs 1 through 22 are realleged and incorporated by reference as though fully set forth herein.

25.   Beginning on a date unknown but no later than in or about 2002, and continuing thereafter through at least in or about August 2006, in the District of Massachusetts,

**PATRICK GELIN,**

defendant herein, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, knowingly and intentionally combined, conspired and agreed with other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, to wit, Health Care Fraud in violation of Title 18, United States Code, Section 1347, with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

8

**FORFEITURE ALLEGATIONS (18 U.S.C. § 982(a)(7) and (a)(1))**

1. Paragraphs 1 through 25 are realleged and incorporated by reference as though fully set forth herein.

2. As a result of the Federal Health Care offense charged in Counts One through Nine of this Indictment pursuant to 18 U.S.C. § 1347,

**PATRICK GELIN, and**
**MICHELINE LAMARRE**
**(a/k/a "Micheline Champagne"),**

defendants herein, shall forfeit all property, real or personal, that constitutes, or is derived from, directly or indirectly, gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7), for which the defendants are jointly and severally liable.

3. As a result of the Money Laundering offense charged in Count Ten of this Indictment pursuant to 18 U.S.C. § 1956,

**PATRICK GELIN,**

defendant herein, shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to:

(a) the funds contained in HarborOne Bank Checking Account No. XXXXXX1421 in the name of Premium Care Physical Therapy;

(b) the funds contained in Rockland Trust Checking Account No. XXXXXX0957 in the name of Premium Care Physical

9

Therapy;

(c)   the funds contained in Washington Mutual Bank Checking Account No. XXX-XXX369-1, in the name of Premium Care Physical Therapy;

(d)   the funds contained in Washington Mutual Bank Checking Account No. XXX-XXX407-4 in the name of Premium Care Physical Therapy;

(e)   the funds contained in Washington Mutual Bank Checking Account No. XXX-XXX368-3, in the name of Premium Care Physical Therapy.

3.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 18 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 982.

10

A TRUE BILL

_Jane V. Giovannicci_
FOREPERSON OF THE GRAND JURY

_Shelley A. Nugir_
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; May 22, 2008.

Returned into the District Court by the Grand Jurors and filed.

_Thomas F. Gunne_
DEPUTY CLERK
5/22/08
@ 2:35 pm

11